IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 19-42570 |
| **DONALD R. TRIPLETT, JR.,** | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**SHAWN VALK'S EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS IT APPLIES TO 103 ARROWHEAD WAY, MABANK, TEXAS 75156**

**TO THE HONORABLE BRENDA T. RHOADES**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

NO HEARING WILL BE CONDUCTED ON THIS MOTION FOR RELIEF UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

Shawn Valk ("Valk") hereby moves (the "Motion") the Court to lift the automatic stay of 11 U.S.C. § 362(d)(1) in order to sale certain property. In support of the Motion, Valk relies on the Declaration of Shawn Valk in Support of the Emergency Motion for Relief from the Automatic Stay as it Applies to 103 Arrowhead Way, Mabank, Texas (the "Valk Declaration"). In further support of the Motion, Valk would respectfully show the Court the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue of this case and this Motion in this District

is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On September 19, 2019 (the "Petition Date"), Donald Triplett ("Triplett" or the "Debtor") commenced the case by filing a petition for relief under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

3. Prior to the Petition Date, in 2015, Valk and Triplett, as co-lessors, entered into an agreement to lease the property located at 103 Arrowhead Way, Mabank, Texas 75156 (the "Property") from Zaida Basora, the owner of the Property, with an option to purchase. At the time of formation of the lease, the Property was in a state of partial completion of remodeling, upgrades and improvements. As a result, beginning in the late second quarter and the early third quarter of 2015, Triplett and Valk began paying for the completion of the remodeling and improvements of the Property.

4. While there was no written agreement between Triplett and Valk at that time (nor has there ever been), each of them paid their respective expenses in good faith and with trust in each other and based on their verbal agreement to be equal partners.

5. In February 2017, in anticipation of closing on the Property, Valk instructed his counsel to form a single-purpose entity, TV Arrowhead, LLC ("TV"). Valk informed Triplett that the purpose of this entity's formation was merely to formalize the parties' partnership agreement.

6. On February 21, 2017, TV was formed with the Texas Secretary of State with Valk and Triplett as Managing Members of the company.

7. On or about March 3, 2017, Valk circulated to Triplett a proposed Operating Agreement for TV, which would establish the duties, obligations, and rights of Valk and Triplett as members and managers of TV. Pursuant to Section 6.17 of the proposed agreement, Valk and

Triplett were to perform their duties as members and managers. At or around that same time, Valk also circulated to Triplett a proposed Promissory Note and Security Agreement to purportedly have Triplett "true-up" an alleged shortfall between the parties' historical contributions to their partnership.

8. Upon receipt of the proposed Operating Agreement, Promissory Note, and Security Agreement, Triplett responded that the Operating Agreement appeared to be okay; however, he rejected the remaining documents as being contrary to the parties' verbal partnership agreement. None of these documents were ever executed.

9. On March 8, 2017, TV closed on the Property. At closing, TV was conveyed title to the Property, free and clear of all liens, claims, and encumbrances.

10. A dispute arose between Valk and Triplett regarding the allocation of capital contributions in TV. Triplett argues that his alleged expenditures of $151,981.67 and Valk's alleged expenditures of $153,100.62 mean that the allocation of capital is as follows

| | |
|---|---|
| Valk | 51.18% |
| Triplett | 49.82% |

11. Valk and Triplett have been unable to reach an agreement with regard to their respective rights to use and occupy the Property and the terms and conditions upon which the Property may be sold or rented to third parties.

12. On March 5, 2018, Valk commenced a lawsuit against Triplett by filing his Original Petition (the "Petition") in the 382nd Judicial District Court of Rockwall County, Texas (the "State Court"), Cause No. 1-18-0257 (the "State Court Case"). According to the Petition, Valk seeks an order requiring the winding up and termination of TV. In connection with the winding up of TV, Valk requests the State Court establish the value of the respective contributions of Valk and

Triplett to TV.

13. On February 5, 2019, Triplett filed his Motion for Appointment of Receiver (the "Receiver Motion"), pursuant to which Triplett argued that the Property was in danger of being destroyed or materially injured. The First Amended Agreed Order on Appointment of Receiver (the "Receiver Order") was entered by the Court in connection with the Receiver Motion. A copy of the Receiver Order is attached to the Valk Declaration as **Exhibit A**. According to the Receiver Order, Barry Buchanan was appointed as the receiver (the "Receiver").

14. Soon afterward, the parties agreed to sell the Property beginning in March, 2019. According to two appraisals (the "Appraisals") conducted around that time, the appraised value of the Property was approximately $535,000. A copy of the Appraisals is attached to the Valk Declaration as **Exhibit B**. Since that time, only one interested buyer came forward to purchase the Property. Pursuant to the One to Four Family Residential Contract (Resale) (the "Contract"), the purchase price offered by the buyers, Kyle M. Coleman and Donna H. Coleman (the "Buyers") is $625,000, which is substantially higher than the Property's appraised value. A copy of the Contract, along with all amendments thereto, is attached to the Valk Declaration as **Exhibit C**.

15. On August 1, 2019, the Receiver filed his Motion to Confirm a Contract of Sale (the "Sale Motion"). In the Sale Motion, Receiver sought an order confirming the sale of the Property to the Buyers. On August 20, 2019, the State Court entered its order approving the Sale Motion (the "Sale Order") and required that all net proceeds be placed in the State Court registry. A copy of the Sale Order is attached to the Valk Declaration as **Exhibit D**. Pursuant to the Sale Order:

> The Contract of Sales pertaining to the property located at 103 Arrowhead Street, Mabank, Texas 75156 between receiver and purchaser, for the purchase price of $625,000.00 is hereby confirmed and Receiver is authorized and empowered to

close the contract in accordance with its terms.

Receiver is authorized and empowered to execute all closing documents, settlement statements, deed and to accept any promissory note or mortgage as may be provided in the contract.

Receiver is authorized to disburse or allow the escrow agent to disburse all closing costs, and real estate commissions mortgage indebtedness tax payments and prorations and other usual and customary expenses of sale.

**All remaining net proceeds from the sale shall be delivered to the District Clerk, Rockwall County and deposited into the registry of the court**.

*See* Sale Order (emphasis added).

16. The closing of the sale of the Property to the Buyers was set to close on September 20, 2019. The day before the closing, Triplett filed bankruptcy. The Buyers have represented to Valk and the Receiver that they will walk away from the deal if the closing of the sale is not effectuated by September 27, 2019.

## ARGUMENTS AND AUTHORITIES

17. The Bankruptcy Code provides that the court shall grant relief from the automatic stay, for cause, including lack of adequate protection. See 11 U.S.C. § 362(d)(1). In determining whether "cause" exists to lift the stay, courts should consider "the interests of judicial economy, expeditious and economic resolution of the litigation, comity, jurisdiction, and the balancing of the harms between the parties." *See In re S.H. Leggitt Co.*, 2011 WL 1376772, at *4 (Bankr. W.D. Tex. 2011).

18. In this case, there is amble cause to lift the automatic stay to allow the sale of the Property to close. First, and most importantly, the Property is not property of Triplett's bankruptcy estate because the Property is owned by TV. The only property of the estate that is subject to the automatic stay is Triplett's ownership interest in TV.

19. Second, the State Court has already entered an order confirming the sale of the Property to the Buyers based on the Contract. Thus, out of interests of judicial economy and comity, the stay should be lifted so that the Sale Order can be enforced.

20. Last, Triplett will not be prejudiced by this Order because the proceeds from the sale of the Property will be placed in the State Court's registry pending resolution of the State Court Case. Accordingly, Triplett's ownership interest in TV will not be impacted by entry of an order lifting the automatic stay. The proceeds will simply be distributed according to the parties' respective ownership share of TV upon the resolution of the State Court Case.

21. If the automatic stay is not lifted to allow for the sale to close, the Buyers will walk and all parties will lose out on a lucrative deal. And since the offer to buy from the Buyers was the only offer that parties received since March, 2019, it is unknown if, or when, another offer will present itself. Because Triplett's interest in TV is property of the estate (to the extent Triplett is determined to have such an interest), the failure of allowing the sale to close will no doubt impact the only substantial recovery to creditors in this case.

22. For these reasons, Valk requests that the stay be lifted to allow for the sale of the Property to close pursuant to the terms of the Sale Order.

## SIGNATURE ON DEED

23. Valk also requests that this Court allow the chapter 7 Trustee to sign the deed on behalf of Triplett since the Sale Order was entered in the State Court Case in which Triplett is a defendant in his individual capacity.

## WAIVER OF STAY

24. Federal Rule of Bankruptcy Procedure 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is

stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." *See* FED. R. BANKR. P. 4001(a)(3) (emphasis added). Valk respectfully requests relief from the 14-day stay period and requests that the order granting this motion become effective immediately upon entry.

## CONCLUSION

WHEREFORE, Valk respectfully requests that this Court enter an order granting the relief requested herein and granting such further relief whether in law or equity, for which Valk may show itself justly entitled.

Dated: September 25, 2019.

Respectfully submitted,

*/s/ Brandon J. Tittle*
Gerrit M. Pronske
Texas Bar No. 16351640
Brandon J. Tittle
Texas Bar No. 24090436
**PRONSKE & KATHMAN, P.C.**
2701 Dallas Parkway, Suite 590
Plano, Texas 75093
Telephone: 214.658.6500
Facsimile: 214.658.6509
Email: gpronske@pronskepc.com
Email: btittle@pronskepc.com

**COUNSEL TO SHAWN VALK**