IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 19-42570 |
| DONALD R. TRIPLETT, JR., | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**CREDITORS' MOTION TO COMPEL
DISCOVERY AND REQUEST FOR SANCTIONS**

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTYONE (21) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE BRENDA T. RHOADES
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Shawn Valk, Ron Valk (collectively the "Valks"), Jeremy Haltom ("Haltom"), and Keith Black ("Black," and collectively with the Valks and Haltom, the "Creditors"), by and through their undersigned counsel, hereby file their *Motion to Compel Discovery and Request for Sanctions* (the "Motion"), requesting the Court to compel Donald R. Triplett, Jr. ("Triplett" or "Debtor") to

produce and assist with obtaining discovery, as ordered by this Court, and impose sanctions on Triplett for each day he has failed to abide by this Court's 2004 Order and Second Order (each hereinafter defined). In support of the Motion, the Creditors show the Court as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Eastern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On September 19, 2019 (the "Petition Date"), Debtor commenced the case by filing a petition for relief under chapter 7 of the Bankruptcy Code.

3. On November 18, 2019, the Valks filed their *Motion for Examination Under Bankruptcy Rule 2004 of Donald R. Triplett, Jr.* [Docket No. 50] (the "Motion for 2004 Examination") pursuant to which they sought documents from Triplett and to depose Triplett in connection with certain fraudulent conduct that Creditors believe Triplett committed.

4. On January 28, 2020, the Court heard the Valks' Motion for 2004 Examination, as well as Triplett's *Objection to Motion for Rule 2004 Examination*; *Objection to Motion to Extend Deadline for Filing Complaints Under 11 U.S.C. §§ 523 & 727*; and various objections to the joinders filed by Haltom and Black (the "January Hearing"). At the January Hearing, the Court ruled in favor of the Valks on their Motion for 2004 Examination, and ruled the Creditors were entitled to examine Triplett for a total of ten (10) hours.

5. On February 3, 2020, in conformity with its rulings from the January Hearing, the Court signed that certain *Order Granting Creditors Shawn Valk and Ron Valk's Motion for*

*Examination Under Bankruptcy Rule 2004 of Donald R. Triplett, Jr.* [Docket No. 99] (the "2004 Order"), wherein the Court ordered Triplett, among other directives, to: (i) to appear for his 2004 exam for ten (10) hours; (ii) "take any reasonable actions necessary for the Valks, Haltom, and Black to obtain certain documents identified in Exhibit 'A,'" attached to the 2004 Order; and (iii) "produce any documents identified on said Exhibit 'A'" that were in his possession or control and had not yet been produced to the Creditors. Thus, Triplett was ordered by this Court to: (i) produce identified documents in his possession and control; and (ii) take reasonable action to assist Creditors to obtain the identified documents not in his possession or control.

6. On February 28, 2020, the Creditors filed that certain *Emergency Motion for Second Extension of Deadline for Filing Complaints Under 11 U.S.C. §§ 523 & 727* ("Second Emergency Motion") due to Triplett's failure to comply with the 2004 Order, and specifically for refusing to provide Creditors with all of his associated financial account information and the documents and records identified in Exhibit "A" attached to the 2004 Order.

7. On March 5, 2020, the Court heard the Second Emergency Motion ("Second Emergency Hearing"). Triplett did not show up at the Second Emergency Hearing, as previously ordered by the Court. At the Second Emergency Hearing, the Court ruled in favor of Creditors, ruling that Creditors were entitled to depose and examine Triplett for "as long as it takes."

8. The Court requested Creditors to submit a conforming order, which the Creditors did. *See* Docket No. 112. On March 16, 2020, and in conformity with its rulings at the Second Emergency Hearing, the Court signed that certain *Order Granting Creditors' Emergency Motion for Second Extension of Deadline for Filing Complaints Under 11 U.S.C. §§ 523 & 727* [Docket No. 113] ("Second Order"). A true and correct copy of the Second Order is attached hereto as **Exhibit 1** and incorporated herein by reference. The Second Order states, in pertinent part, as

follows:

> Triplett shall produce to Creditors by no later than March 19, 2020 at 5:00 p.m. CST, all documents materials, and information requested by Creditors, and which are identified in Exhibit "A" attached to the Court's Order Granting Creditors Shawn Valk and Ron Valk's Motion for Examination Under Bankruptcy Rule 2004 of Donald R. Triplett, Jr. ("2004 Order"). Triplett's failure to produce the documents, materials, and information requested by Creditors, as well as identified in Exhibit A to the 2004 Order, on or before March 19, 2020 at 5:00 p.m., shall constitute a violation of the 2004 Order and this Order.

Second Order ¶ 4.

9. On May 18 & 19, 2020, Triplett appeared, via Zoom, for his 2004 examination and deposition. A copy of the relevant portions of Triplett's deposition transcript from May 18, 2020, is attached hereto as **Exhibit 2** and incorporated herein by reference. A copy of the relevant portions of Triplett's deposition transcript from May 19, 2020, is attached hereto as **Exhibit 3** and incorporated herein by reference.

10. On June 2, 2020, after Triplett refused to allow Creditors to complete his 2004 examination and deposition, Creditors filed *Creditors' Motion to Compel Completion of 2004 Examination of Debtor* which was granted by the Court on July 21, 2020. *See* Docket Nos. 124, 152.

11. On August 8, 2020, Creditors completed, via Zoom, Triplett's 2004 examination and deposition. A copy of the relevant portions of Triplett's deposition transcript from August 8, 2020 is attached hereto as **Exhibit 4** and incorporated herein by reference.

12. During the 2004 examination, Triplett confirmed he had taken no actions and made no inquiries, after the January Hearing occurred, to procure the financial information and records requested by the Creditors and ordered by this Court. *See* Ex. 2, p. 32:03 – 34:17. In fact, Triplett testified that he found it "**unreasonable**" to call the financial institutions he has banked with to get full account numbers and other account information for each of his accounts. *Id*. at p. 39:11 –

40:11; 42:07-22; and 44:05-09 (emphasis added). Moreover, when asked if there were any financial institutions he failed to provide on the incomplete spreadsheets he created prior to filing bankruptcy, Triplett replied, "I have a lot of accounts. So I don't know." *Id*. at p. 40:06-11. When asked about undisclosed, credit card processing accounts used to accept payments for his and Copper Creek Distributors, Inc.'s ("Copper Creek") business transactions, Triplett confirmed he had a Venmo account and PayPal account, but failed to produce them. *See* Ex. 3, p. 294:23 – 295:01; 364:22 – 365:07; and 367:11 – 368:09.

13. Further, despite the 2004 Order and Second Order (collectively, the "Orders") requiring Triplett to produce tax returns, 1099s, W-2s, K-1s, and other tax filings, Triplett only produced a copy of his unsigned 2016 tax return and a copy of his 2017 tax return, without an accompanying proof of filing. *Id*. at p. 270:08 – 271:06.

14. Additionally, during the 2004 examination it was brought to Triplett's attention that he failed to produce several requested documents. Thereafter, Triplett specifically agreed to produce several relevant documents in his control, including, but not limited to, the Articles of Incorporation for DFW Design (Ex. 2, p. 22:1-10), his resignation letter to Copper Creek (Ex. 4, p. 614:21-23), the proof of filing for his 2017 tax returns (Ex. 3, p. 227:12 – 229:14), his Copper Creek 1099s (Ex. 4, p. 618:1-3), and his Paypal and Venmo account statements (Ex. 4, p. 618:1-3; Ex. 3, p. 363: 8-19). Triplett acknowledged he was in possession of and promised to produce the computer that contained financial records of his and that of his affiliates, but has allegedly been wiped clean by Triplett's former accountant, Sonia Paleo. *See* Ex. 2, p. 87-88. As of the filing of this Motion, Triplett has failed to produce even a single one of these items.

15. Further disregarding this Court's Orders, Triplett admitted during his 2004 examination that he failed to take reasonable action to produce any of the documents described

herein. *Id.* at p. 53:11-25. Even a task as simple as making a phone call to procure documents only Triplett had access to was too "unreasonable" according to Triplett. *Id.* at 34:18-36:07; 38:17-40:05.

16. Despite Creditors' multiple attempts to obtain the documents this Court ordered Triplett to produce, Triplett has failed to produce multiple documents in his possession, failed to take reasonable action to obtain documents, and failed to produce documents he agreed to produce under oath, all in direct disregard to this Court's Orders.

## RELIEF REQUESTED

17. By this Motion, Creditors request the Court compel Triplett to assist Creditors in obtaining necessary and relevant documents by contacting the appropriate entity to obtain such documents. Creditors also request the Court compel Triplett to produce the following documents and records:

> A. PayPal Account Statements/Transaction Statements for Triplett, DFW Design, and Preferred Platinum Construction;
>
> B. Venmo Account Statements/Transaction Statements for Triplett, DFW Design, and Preferred Platinum Construction;
>
> C. The letter of resignation Triplett procured to Copper Creek Distributors, Inc. or any other correspondence related to Triplett's resignation from Copper Creek Distributors, Inc.;
>
> D. The Articles of Incorporation for Preferred Platinum Construction;
>
> E. The proof of filing for Triplett's 2017 tax return;
>
> F. A signed copy of Triplett's 2016 tax return; and
>
> G. The computer that Triplett alleges was wiped clean prior to filing bankruptcy containing a majority of the relevant documents and records related to Triplett and his affiliates.

18. Creditors also request that monetary sanctions be ordered against Triplett for each

day he fails to comply with the Orders.

## BASIS FOR RELIEF REQUESTED

**A.    Motion to Compel.**

19.    Rule 37, which is made applicable to this proceeding pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure, provides "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure of discovery." FED. R. CIV. P. 37(a)(1).  In determining whether to grant relief to the moving party, a court has "broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (citing to *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)) (internal quotation marks omitted); *see also Smith v. DeTar Hosp. LLC*, 2011 U.S. Dist. LEXIS 144003, 2011 WL 6217497, at *1, *2 (S.D. Tex. Dec. 4, 2011). The party seeking to compel discovery has the burden of demonstrating that the discovery sought falls within the scope of discovery as provided by Rule 26. *Smith*, 2011 U.S. Dist. LEXIS 144003, at *2.

20.    As stated above, the Court issued the 2004 Order on February 3, 2020, which required that Triplett produce "any documents identified. . . that are in his possession or control and have not yet been produced to the Valks, Haltom, and Black." *See* 2004 Order.  Attached to the 2004 Order was "Exhibit A," which specified each document type that Triplett was required to produce.

21.    During the 2004 examination and deposition, Triplett, on several occasions, admitted to having requested documents in his possession that he has failed to produce. When Creditors asked Triplett why they have not received those documents, Triplett promised to produce them. However, over a month and a half has passed since the conclusion of the 2004 examination

and Triplett has still failed to provide the requested and ordered information.

22. More specifically, Triplett admitted to possessing and promised to produce his: (i) Resignation Letter to Copper Creek (Ex. 4, p. 614:21-23); (ii) proof of filing for his 2017 Tax Return (Ex. 4, p. 608:04-11); (iii) his 2019 1099 from Copper Creek (Ex. 4, p. 531:01-04); (iv) the Articles of Incorporation for DFW Design which are located in "a book on a shelf in [his] bedroom" (Ex. 1, p. 22:02-04); and (v) his PayPal and Venmo account statements (Ex. 4, p. 618:01-03; Ex. 3, p. 363:08-19).

23. Most importantly, Triplett admitted to possessing and promised to produce a computer which likely contains key and relevant records of Triplett and his affiliates. *See* Ex. 1, p. 88:13-18. Triplett claims these critical documents were stored on this computer but have since been lost. *Id*. at p. 86:16-21. However, Triplett admitted that he never attempted to recover these documents or perform a forensic examination on the computer. *Id*. at p. 88:03-05.

24. This Court's Orders made it very clear to Triplett which documents he needed to produce. Specifically, the 2004 Order plainly states that Triplett was to "produce any documents. . . that are in his possession or control that have not yet been produced to [Creditors]." *See* 2004 Order ¶ 7. Nowhere in the 2004 Order did it state that Triplett's production of documents was contingent upon the happening of a certain event. Yet, when admitting to possessing certain documents and subsequently confronted as to why such documents were never given to Creditors, Triplett replies with either excuses as why he did not think the documents were included in the Orders or claims he simply forgot about the existence of the document. Ex. 3, p. 363:08-19.

25. For example, the 2004 Order required Triplett to produce his 1099's "for the period of 2015 to the present and any extensions for any years for which returns have not been filed." *See* 2004 Order ¶ 1. However, Triplett clearly admitted he was in possession of his 2019 1099 from

Copper Creek, but did not provide it claiming he was not required to produce this document until he filed his 2019 tax return. Ex. 4, p. 606:20 - 608:10. Nowhere in the 2004 Order does it state that Triplett need not produce relevant documents until he files his 2019 tax return.

26. Triplett was also ordered to produce, "[a]ll documents of any financial institution where Triplett deposited checks or money received from any person or entity during the time period from 9/19/15 through 9/19/2019. . . ." Yet, during the 2004 examination Triplett was confronted as to why his Venmo account was never disclosed and his reply was that he "just forgot about it." Ex. 3, 363:16-363:20.

27. Furthermore, Triplett failed to exercise due diligence or good faith in obtaining the discovery requested by Creditors. The 2004 Order plainly states that Triplett is to "take any reasonable actions necessary" for the Creditors to obtain the requested documents. *See* 2004 Order. However, Triplett stated that he has so many bank accounts he cannot remember them all, or ever remember at which financial institutions he has banked. Ex. 1, p. 40:9-11. Despite his memory loss, he refused to call any bank or other financial institution to determine how many financial accounts he may have, leaving Creditors to blindly search for such information. *Id*. at p. 33:17-35:21. Triplett also stated that he only produced documents physically in his possession because it is "not reasonable" for him to pick up a telephone and call the appropriate entity to obtain any of the requested documents. *Id*. at p. 33:17-35:21; 52:15-54:10. In fact, Triplett specifically stated "**I find that for me to spend my time, when I'm trying to make a living, to spend hours and hours and hours searching for information that I don't readily have, yes. I find that to be unreasonable.**" *Id*. at p. 40:02-05 (emphasis added). As such, Triplett failed to call the IRS to obtain a proof of filing for his 2017 tax return (Ex. 1 at p. 53:21-23), he failed to call any financial institutions to obtain the requested financial documents or determine the number of accounts he

has open (Ex. 1 at p. 33:17-35:21), he failed to call his accountant to obtain a signed copy of his 2016 tax documents (Ex. 1 at p. 53:24-54:03), and he failed to call any other entities that may have had possession of documents relevant to this proceeding.

28. Not only did Triplett promise under oath to provide the previously referenced documents and computer, each of these documents were also ordered to be produced by this Court. The discovery described herein is crucial in aiding Creditors in determining whether Triplett truly faces the financial hardships he is portraying in his bankruptcy proceeding. Because of the grave importance of these documents as well as the information contained on Triplett's computer, Creditors have made several attempts to obtain such, but are still left empty-handed.

29. Creditors respectfully request that this Motion be granted in its entirety and Triplett be compelled to produce the documents and computer he admitted to possessing during his 2004 examination and deposition. Creditors further request that Triplett be required to assist Creditors in their quest for other such relevant documentation by contacting the appropriate entities to obtain possession of the ordered documents.

**B.    Request for Sanctions.**

30. Bankruptcy Rule 9014 makes Bankruptcy Rule 7037, entitled "Failure to Make Discovery: Sanctions," applicable in contested matters raised by motion, which include motions for examination under Bankruptcy Rule 2004.

31. Sanctions for failing to comply with a discovery order are available under Rule 37 of the Federal Rules of Civil Procedure, which require "an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). When a party fails to obey an order to provide or permit discovery. . . the court where the action is pending may issue further just orders, which may include "(vii) treating

as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." FED. R. CIV. P. 37(b)(2)(A)(ii)(vii). The sanction imposed must be fair and tailored to the issue raised by the discovery order. *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000).

32.     Over 48 days have passed since the conclusion of the 2004 examination and over 238 days have passed since Triplett was initially ordered by this Court to produce the requested information. As such, Triplett's continued failure to produce discovery is inexcusable.

33.     Even assuming Triplett forgot about the existence of certain documents or merely misunderstood the extent of this Court's Orders, he has had over 40 days to produce the discovery he promised to furnish during his 2004 examination, and still Creditors have received nothing. Such actions go beyond mere forgetfulness and amount to a direct and blatant disregard for this Court's Orders.

34.     Since February, Triplett has failed to comply with Court Orders while Creditors have continued to press for required documents without any assistance from Triplett. Triplett's behavior demonstrates that he believes this Court's Orders are mere suggestions, of which compliance is simply an option. It is apparent that he believes he is above this Court, the United States Bankruptcy Code, and the law in general. Therefore, Creditors request that this Court impose an appropriate monetary sanction on Triplett in the amount of $50.00 for each day he has failed to comply with this Court's Orders and each day he continues to fail to comply with the Orders.

## **ATTORNEYS' FEES**

35.     Creditors have incurred attorneys' fees as a result of filing this Motion and due to Debtor's failure to follow this Court's Orders. Debtor unjustifiably failed to produce the documents and computer he promised to produce and was required, by Court Order, to produce.

Creditors were forced to incur attorneys' fees and costs in seeking to obtain same without Triplett's cooperation. Accordingly, Creditors are entitled to recover the reasonable and necessary attorneys' fees incurred in connection with this Motion pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, creditors Shawn Valk and Ronald Valk, pray that the Court grant the requested relief and enter an order compelling Debtor Donald R. Triplett, Jr. to produce his Resignation Letter to Copper Creek, proof of filing for his 2017 Tax Return, a signed copy of his 2016 tax return, his 2019 1099 from Copper Creek, the Articles of Incorporation for Preferred Platinum, the computer which likely contains records of DFW Design & Remodeling, his PayPal and Venmo account statements, and any other relevant information described herein that Triplett may have in his possession by no later than **October 15, 2020 at 9:00 a.m.** Creditors further pray that Triplett be required to assist Creditors in obtaining discovery, that the Court impose monetary sanctions on Triplett in the amount of $50.00 for each day he has failed to comply with this Court's Orders, any other sanction that this Court deems necessary, and for such other relief to which Creditors may be justly entitled.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

Dated: September 29, 2020.                    Respectfully submitted,

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
**GLAST, PHILLIPS & MURRAY, P.C.**
14801 Quorum Drive, Suite 500
Dallas, Texas 75254
Telephone: 972.419.8300
Facsimile: 972.419.8329
Email: btittle@gpm-law.com

*- and -*

**HOLMES FIRM, PC**

Ronald L. Holmes
Texas Bar No. 09908450
John David Reed
Texas Bar No. 24075423
14911 Quorum Drive Suite 340
Dallas, Texas 75254
Telephone: 469.916.7700
Email: ron@theholmesfirm.com
Email: jd@theholmesfirm.com

**ATTORNEYS FOR THE CREDITORS**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 29, 2020, a true and correct copy of the foregoing instrument was served on all counsel of record, via email and by ECF email upon all parties of record accepting such service, pursuant to the Federal Rules of Civil Procedure.

David R. Gibson
15400 Knoll Trail Dr.
Suite 320
Dallas, Texas 75248
817-769-4044
david.gibson@gibsonlawgroup.com

Joyce W. Lindauer
12720 Hillcrest Road
Suite 625
Dallas, Texas 75230
972-503-4033
joyce@joycelindauer.com

**COUNSEL FOR THE DEFENDANT/DEBTOR**

                                                             */s/ Brandon Tittle*
                                                             Brandon Tittle